10-0206-cv
*Kosovich v. Metro Homes, LLC, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and ten.

PRESENT:

ROGER J. MINER,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

DUSHAN KOSOVICH,

*Plaintiff-Appellant,*

-v.-                                                    No. 10-0206-cv

METRO HOMES, LLC, DEAN S. GEIBEL, PAUL E. FRIED,
DONALD J. TRUMP, THE TRUMP ORGANIZATION, INC.,
UBS FINANCIAL SERVICES, INC.,
KENNETH KAVANAGH, METRO HARBORSPIRE, LLC,
METRO HARBORSPIRE GM, LLC,
VECTOR URBAN RENEWAL ASSOCIATES, GM LLC,

*Defendants-Appellees.*

_____

FREDERIC D. WALKER, New York, New York, *for Plaintiff-Appellant*.

LEO V. LEYVA (Kevin R.J. Schroth, *of counsel*, and Nicole A. Gerritsen, *on the brief*), Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, New York, *for Defendants-Appellees Metro Homes, LLC, Dean S. Geibel, Paul E. Fried, Metro Harborspire, LLC, Metro Harborspire GM, LLC, and Vector Urban Renewal Associates, GM LLC*.

Mayra V. Tarantino, Lite DePalma Greenberg, LLC, Newark, New Jersey, *for Defendants-Appellees Donald J. Trump and The Trump Organization, Inc.*

ANDREW J. MELNICK (Scott W. Bulcao, *of counsel*), Schindler Cohen & Hochman LLP, New York, New York, *for Defendant-Appellee UBS Financial Services Inc.*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-appellant Dushan Kosovich ("Kosovich") appeals from an order and judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*) dismissing his complaint in its entirety and with prejudice. Kosovich brought this action against the defendants-appellees, alleging federal securities fraud and various state-law claims in connection with his investment in a real estate project to be constructed in Jersey City, New Jersey. On October 30, 2009, the defendants-appellees moved to dismiss Kosovich's claims for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). The district court granted the motions on November 30, 2009. Kosovich timely appealed to this Court. We assume the parties' familiarity with the underlying facts and procedural history.

At the start, we reject Kosovich's argument that the district court impermissibly relied on

documents that were not part of his complaint.[1]  The district court made clear that the "written representations in the Brochure *alone*" were sufficient to dispose of Kosovich's federal securities claim. *Kosovich v. Metro Homes, LLC*, No. 09 Civ. 6992 (JSR), 2009 U.S. Dist. LEXIS 121390 at *13 (S.D.N.Y. Dec. 29, 2009) (emphasis added).  Moreover, even assuming that the district court relied on the contents of the PPM, Kosovich's complaint clearly incorporated it.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (noting that a "complaint is deemed to include any written instrument . . . incorporated in it by reference," and that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect." (internal quotation marks omitted)).

On appeal, Kosovich primarily challenges the dismissal of his federal securities fraud claim under Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5.  For substantially the same reasons presented in the thorough and well-reasoned Memorandum Order of the district court, we conclude that any reliance by Kosovich on the misstatements and omissions he alleges was unreasonable as a matter of law.  In brief, Kosovich principally alleges that defendants-appellees UBS Financial Services, Inc. and Kenneth Kavanagh, a former broker, knowingly misrepresented that Kosovich's investment in the real estate project was a fixed-interest loan.  The Brochure, however, clearly explains that investments in the project would be divided into two classes of interests, neither of which would be a loan.  It further warns, in boldface, uppercase letters, that "**THERE CAN BE NO ASSURANCE OR GUARANTEE THAT THE COMPANY WILL MEET ITS BUSINESS OR INVESTMENT OBJECTIVES**" and that

---

[1] While Kosovich alleged in his complaint that the defendants-appellees issued a Private Placement Memorandum ("PPM") and a selling brochure ("Brochure") in connection with the disputed securities transaction, he only attached the Brochure to his complaint.

"**THE COMPANY'S INVESTMENT AND DEVELOPMENT PROGRAM IS SPECULATIVE AND ENTAILS SUBSTANTIAL RISKS**." Given these unambiguous written statements explaining the nature of and risks inherent in the securities offering, Kosovich's alleged belief that his investment was a loan was clearly unreasonable.

We further agree with the district court that even if this were not the case, Kosovich's claim is time-barred. The relevant statute of limitations required Kosovich to file his claim "not later than the *earlier* of [two] 2 years after the discovery of the facts constituting the violation," or "[five] 5 years after such violation." 28 U.S.C. § 1658(b) (2006) (emphasis added); *see Merck & Co. v. Reynolds*, 130 S. Ct. 1784, 1789 (2010). Even assuming, as Kosovich argues, that the proper limitations period was two years, beginning in June 2007, Kosovich filed his claim in August 2009, well after his proposed limitations period expired. Consequently, the statute of limitations bars his federal securities claim.

Kosovich finally argues that the district court's dismissal of his complaint without leave to amend it was an abuse of discretion. Kosovich admits, however, that he never asked the district court for leave to amend and that he requests this relief for the first time on appeal. Such a request is thus not properly before this Court. *See In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (noting that arguments raised for the first time on appeal are generally deemed waived).

We have reviewed Kosovich's remaining arguments and find them to be waived or without merit. The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk