19-1030
*Kimble v. Kingston City School District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand nineteen.

Present:
> RICHARD C. WESLEY
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

_____

DAVID KIMBLE,

> *Plaintiff-Appellant*,

> v.                                                     19-1030

KINGSTON CITY SCHOOL DISTRICT,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:            MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, New York

For Defendant-Appellee:            MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, New York

Appeal from a judgment of the United States District Court for the Northern District of

New York (Scullin, *J*.).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant David Kimble ("Kimble") appeals from a decision and order, entered on March 19, 2019, granting the motion to dismiss brought by Defendant-Appellant Kingston City School District ("the District") on the basis that Kimble failed to state a claim for violation of his First Amendment right to petition the government and his First Amendment right to intimate association. We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Caro v. Weintraub*, 618 F.3d 94, 97 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Among several bases relied upon by the district court in dismissing Kimble's action in its entirety, the court determined that Kimble failed to plead that the violations of his rights resulted from a municipal policy or custom as required to impose liability on a school district pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 663, 695 (1978). While Kimble's First Amendment claims as pleaded may raise interesting questions, we need not reach them because we agree that Kimble failed to plead that the events in question resulted from either a District policy or custom or a decision by a District employee acting as a final policymaker.

"Municipal entities, including school districts, are 'persons' within the meaning of §1983 and therefore subject to suit under that provision." *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (citing *Monell*, 436 U.S. at 663). But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell*, 436 U.S. at 691, and so § 1983 "distinguish[es] acts of the *municipality* from acts of *employees* of the municipality," imposing liability only for "action

2

for which the municipality is actually responsible," *Nagle*, 663 F.3d at 116 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

A municipality is liable under 42 U.S.C. § 1983 only when the injury results from the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. "Although 'official policy' often refers to formal rules or customs that intentionally establish 'fixed plans of action' over a period of time, when a municipality 'chooses a course of action tailored to a particular situation,' this may also 'represent[ ] an act of official government "policy" as that term is commonly understood.'" *Montero v. City of Yonkers*, 890 F.3d 386, 403 (2d Cir. 2018) (quoting *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 125 (2d Cir. 2004)) (alteration in original). "A school district's liability under *Monell* may be premised on any of three theories: (1) that a district employee was acting pursuant to an expressly adopted official policy; (2) that a district employee was acting pursuant to a longstanding practice or custom; or (3) that a district employee was acting as a 'final policymaker'" in causing the violation. *Hurdle v. Bd. of Educ.*, 113 F. App'x 423, 424-25 (2d Cir. 2004). Whether a particular official is a final policymaker "is a question of state law" to be decided by the trial court. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) (emphasis omitted).

Kimble makes no attempt to argue that the actions alleged to have violated his rights here were made pursuant to a "policy" or "custom"; he thus necessarily relies on the third theory—that an official with final policymaking authority took action regarding, or made the specific decision with respect to, his rejection from a school security officer position and his removal from his school resource officer position. On appeal, Kimble argues that, when evaluating the motion to dismiss and drawing all factual inferences in his favor, the district court

3

should have construed each allegation in the complaint that the "defendant" committed constitutional violations as referring to "the School District itself, as a municipality acting through its final policymakers." Reply Br. at 13. Kimble argues that, because under New York state law a school district may only lawfully take employment actions through its Board of Education, the board is the relevant "final policymaker." *See* N.Y. Educ. L. § 2503(5).

However, it is settled Second Circuit law that, to prevail under a *Monell* theory of municipal liability, plaintiffs must do more than "merely assert[]" the existence of a municipal policy or custom leading to a rights violation. *Montero*, 890 F.3d at 404. Plaintiffs must actually allege facts "tending to support, at least circumstantially," the inference that the complained-of actions were pursuant to a municipal policy or custom. *Id.* at 403–04 (rejecting a *Monell* claim as insufficiently pleaded where the plaintiff merely asserted that the police department, "acting through its final policymaking officials," engaged in the relevant conduct without providing facts to support the inference of a custom or policy). Kimble acknowledges that the complaint makes no reference to a Board of Education decision, does not use the term "final policymaker," and does not allege that Parker (the District's chief of security and the only individual identified in the complaint) was the individual who made the decision not to hire him or that, even if he was, he had final authority with respect to that question.

Nevertheless, Kimble maintains that the *only* fact he must allege is that a municipal defendant took some action that violated his rights—which is not a "fact" at all, but a conclusory statement reflecting the basic premise of any § 1983 suit against a municipality. We disagree. Based on the lack of factual allegations in this complaint, the decision not to hire Kimble as a school security officer may have been made by low-level employees who removed his name for consideration just as plausibly as by a final policymaker. Furthermore, while contracts

4

submitted in support of the District's motion to dismiss demonstrate that the superintendent had the authority to request Kimble's reassignment from the Town of Ulster Police Department, Kimble alleged only that "defendant" directed his reassignment. In the absence of *some* factual allegations, it is impossible for any court to engage in the necessary analysis of whether Kimble's claim properly stems from the action of a final policymaker under state law or, conversely, improperly seeks to impose *respondeat superior* liability on the District. Having failed to plead *any* facts regarding the chain of events involved in the decisions not to hire him as a school security officer and to remove him from his position as a school resource officer, Kimble has failed to plead a municipal policy or custom.

Because his complaint fails to plead any facts supporting the inference that the adverse employment actions underlying his First Amendment claims were made pursuant to the policy or custom of the District or a decision by an employee with final policymaking authority, the district court correctly dismissed the complaint. And, although Kimble could have moved for leave to amend, he did not do so at the district court, and his request, made to this Court in a footnote in his brief, is not properly made for the first time before this Court. *See Kosovich v. Metro Homes, LLC*, 405 F. App'x 540, 542 (2d Cir. 2010) (citing *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)).

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5