22-447-cv
*Kennedy v. Bethpage Union Free School District*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-three.

PRESENT:    José A. Cabranes,
            Gerard E. Lynch,
            Beth Robinson,
                        *Circuit Judges.*

---

CHRISTINE KENNEDY,

            *Plaintiff-Appellant,*                          22-447-cv

            v.

BETHPAGE UNION FREE SCHOOL DISTRICT,

            *Defendant-Appellee,*

THOMAS KENNY, DIRECTOR OF GUIDANCE,
MICHAEL SPENCE, PRINCIPAL, CAROLINE E.
LAVELLE, ASST. SUPERINTENDENT, TERRENCE
CLARK, FORMER SUPERINTENDENT, DAVID
SCHNEIDER, SUPERINTENDENT,

            *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**          Vesselin Mitev, Mitev Law Firm, PC,
                                      Stony Brook, NY.

**FOR DEFENDANT-APPELLEE:**                    CHELSEA WEISBORD, Sokoloff Stern LLP, Carle Place, NY.

Appeal from a memorandum and order dismissing, with prejudice, the Second Amended Complaint of Plaintiff-Appellant, Christine Kennedy, entered on February 9, 2022, in the United States District Court for the Eastern District of New York.  (Pamela K. Chen, *District Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Christine Kennedy ("Kennedy"), a school social worker, appeals from a memorandum and order, entered on February 8, 2022, granting the motion to dismiss the Second Amended Complaint ("SAC") filed by her employer, Defendant-Appellee Bethpage Union Free School District (the "District").  The District Court determined that Kennedy could not maintain her First Amendment or due process claims against the District under 42 U.S.C. § 1983 because the SAC failed to sufficiently allege liability under *Monell v. Department of Social Services* against the District in connection with its allegedly adverse employment actions—including an involuntary transfer of Kennedy within the District.  436 U.S. 658 (1978).  Because the District was the sole defendant named in the SAC and the District Court found that Kennedy had failed to plead facts sufficient to establish *Monell* liability, the Court did not "address the sufficiency of Plaintiff's amended First Amendment and due process claims."  Spec. App'x 5.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).

With respect to Plaintiff's First Amendment claims based on alleged suppression of speech or retaliation for her engaging in protected activity, we affirm the District Court's dismissal on the ground that Plaintiff failed to show either a policy or custom under *Monell*.  The pertinent allegations in the SAC were conclusory and insufficient. *See, e.g.*, SAC ¶ 108 ("Each of the aforesaid acts or omissions on behalf of the District were undertaken pursuant to a policy or custom of the District, enacted by and carried out by Schneider, as Superintendent, with the tacit approval and authority of the Board of Education and carried out via his direct reports . . . ."); *Id.* at ¶ 125 ("Plaintiff was advised that the policy [requiring District approval before she spoke at PTA meetings] was directed solely at her and was done so at the direction of Mr. Schneider with the knowledge, condolence, and approval of the District.").  Accordingly, the SAC failed to sufficiently plead *Monell* liability against the District related to any alleged First Amendment harm arising from

either a suppression of speech concerning the youth mental health crisis harm or retaliation for Plaintiff engaging in a protected workplace activity. The District Court therefore correctly dismissed these claims on *Monell* grounds.[1]

Although the District Court also dismissed Plaintiff's due process claim on *Monell* grounds, we affirm the dismissal on an alternative basis: Plaintiff failed to articulate a constitutionally protected property interest necessary for her due process claim. *See Cox v. Onondaga County Sheriff's Dep't*, 760 F.3d 139, 145 (2d Cir. 2014) ("We may . . . affirm on any ground with support in the record."). The SAC alleges that "[a]t all relevant times, Plaintiff had property interests in her working as a High School Social Worker, with the SADD club, the PAL program, and the benefits and interests that arose out of the same." SAC ¶ 135. Nowhere, however, does Plaintiff even attempt to identify the source of these asserted property interests, and her allegation amounts to a conclusory legal assertion rather than an allegation of fact that supports her claim. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) ("Property interests are not created by the Constitution; rather, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972))).

Plaintiff's other professed property interests fare no better. Although she is correct that "due process protects the freedom to engage in any of the common occupations of life," *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 632 (2d Cir. 1996) (cleaned up), that protection is triggered only "when a plaintiff is completely prohibited from engaging in his or her chosen profession," *Hu v. City of New York*, 927 F.3d 81, 102 (2d Cir. 2019) (cleaned up). That did not occur here; Kennedy was merely moved from her preferred social worker position to another social worker position she desired less. Similarly, although Kennedy claims her reputation suffered after her transfer, reputational loss does not implicate the Fourteenth Amendment unless "that loss is coupled with the deprivation of a more tangible interest, such as government employment."

---

[1] To the extent Plaintiff's bid for municipal liability relies upon the so-called final policymaker strain of *Monell* liability, it falls short because Plaintiff has failed to plead any non-conclusory allegations that any person or entity vested with final policymaking authority played any role in the alleged First Amendment violations in this case. Direct involvement by the Board is not alleged, and although Schneider is implicated in the SAC, Plaintiff has failed to show that he had been delegated the authority to make final policy in the relevant areas. *See Agosto v. New York City Dep't of Educ.*, 982 F.3d 86, 101 (2d Cir. 2020) ("This court has explained that even when the official is the apex of a bureaucracy, that merely makes the decision 'final' but does not forge a link between 'finality' and 'policy.'" (cleaned up)).

*Patterson v. City of Utica*, 370 F.3d 322, 330 (2d Cir. 2004). Once again, nothing of the sort is alleged here.

Kennedy could have added allegations to support her due process claim when she filed an amended complaint in response to the District Court's specific invitation to do so, and could have subsequently moved for leave to amend a second time. She did not do so in the District Court, and her request to this Court is not properly made for the first time on appeal. *See Kosovich v. Metro Homes, LLC*, 405 F. App'x 540, 542 (2d Cir. 2010) (citing *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008)).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the February 9, 2022 judgment of the District Court granting Bethpage Union Free School District's motion to dismiss the Second Amended Complaint with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4